

# NUMBER 13-16-00055-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LATRELL LATHAM,** <span style="float:right">**Appellant,**</span>

**v.**

**THE STATE OF TEXAS,** <span style="float:right">**Appellee.**</span>

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# SUPPLEMENTAL ORDER OF ABATEMENT

### Before Justices Garza, Perkes, and Longoria
### Order Per Curiam

Appellant's brief was due on April 27, 2016. Counsel did not file a brief and on May 27, 2016, this Court abated and remanded the matter to the trial court, in accordance with Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, to allow the trial court to conduct a hearing to determine whether appellant desired to prosecute his appeal,

whether the appellant was indigent, or if not indigent, whether retained counsel had abandoned the appeal, and to make appropriate findings and recommendations. If the appellant was indigent, we directed the trial court to take such measures as were necessary to assure effective representation of counsel.

The Court received a supplemental reporter's record on October 6, 2016. The record reflects counsel told the trial court he was going to file a brief and a motion for leave. Nevertheless, counsel has failed to file a brief.

Accordingly, we direct the trial court to conduct further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. The trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; (5) whether appellant is indigent and entitled to court-appointed counsel; and (6) if appellant desires to continue the appeal, determine the date the Court may expect appellant's brief to be filed.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, email address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of December, 2016.